UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GREAT AMERICAN INSURANCE COMPANY OF NEW YORK**          **PLAINTIFF**

**V.**                            **CIVIL ACTION NO.1:06CV097 LTS-RHW**

**LOWRY DEVELOPMENT, LLC**                            **DEFENDANT**

**CONSOLIDATED WITH**

**LOWRY DEVELOPMENT, LLC**                            **PLAINTIFF**

**V.**                            **CIVIL ACTION NO. 1:06CV412 LTS-RHW**

**GREAT AMERICAN INSURANCE COMPANY
OF NEW YORK; GROVES & ASSOCIATES INSURANCE, INC.,
and CRUMP INSURANCE SERVICES OF MEMPHIS, INC.**          **DEFENDANTS**

**MEMORANDUM OPINION and ORDER
ON GREAT AMERICAN INSURANCE COMPANY'S MOTION
TO EXCLUDE THE TESTIMONY OF JIMMY L. LOWRY AS AN EXPERT**

The Court has before it the motion [196] of Great American Insurance Company (Great American) to exclude the opinion testimony of Jimmy L. Lowry (JLL) concerning estimates for the reconstruction costs of the insured building involved in this case, Tuscan Villas Building Two (TVB2).  Great American asserts two grounds for this motion: 1) that JLL has not been properly designated as an expert witness under F.R.Civ.P. 26 and Local Rule 26.1, and 2) that JLL is not qualified under F.R.Evid. 702 and under *Daubert  v.  Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and its progeny to express the opinions to which he is expected to testify.  Lowry Development, LLC (Lowry), the party who will sponsor JLL's testimony, contends that he has been properly designated and that he is well qualified by his experience as a builder.

In reading the motion, the response, and the supporting memoranda, I take note that the insured building has now been rebuilt.  I understand that there are many contested factual issues related to the rebuilding cost and that there are also contested factual issues concerning causation. I understand that flood damage is an excluded loss under the Great American policy at issue, and wind damage is a covered loss. What I find puzzling in all of this is the question whether any reconstruction cost estimates are still relevant in light of the actual rebuilding costs that have now been incurred.  I will keep an open mind on this issue, but I will want to hear from the parties at the pre-trial conference on this question.

In Lowry's designation of expert witnesses, JLL is identified as the general contractor for the reconstruction of TVB2. To this extent, I view JLL as a fact witness concerning the reconstruction costs actually incurred in building TVB2 and the cost of repairing the wind damage to TVB2. The cost estimates may be higher or lower than the actual rebuilding costs incurred, but it is the actual cost of replacing or repairing the damaged structure that is the proper measure of damages under the Great American policy and also the proper measure of damages for the negligence of Defendant Groves & Associates Insurance, Inc. (Groves) should Lowry succeed in proving the merits of his third-party complaint.

The Great American policy contains the following relevant policy provisions:

### COMMON POLICY CONDITIONS

**C.**   **Duties In The Event Of Loss**
*You must see that the following are done in the event of loss or damage to Covered Property:*

\* \* \*

8.   *Send us a signed, sworn proof of loss containing the information we request to settle the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.*

**E.**   **Loss Payment**

\* \* \*

5.   *We will pay for covered loss or damage within 30 days after we receive the sworn proof of loss if you have complied with all the terms of this Coverage Part and:*
   a.   *we have reached agreement with you on the amount of the loss; or*
   b.   *an appraisal award has been made.*

**F.**   **Valuation**
*The value of property will be the least of the following amounts:*
1.   *the actual cash value of that property;*
2.   *the cost of reasonably restoring that property to its condition immediately before loss or damage; or*
3.   *the cost of replacing that property with substantially identical property.*
*In the event of loss or damage, the value of property will be determined as of the time of loss or damage.*

### BUILDERS RISK COVERAGE FORM

**A.**   **COVERAGE**

*We will pay for direct "loss" to Covered Property from any of the Covered*

*Causes of Loss.*

1. *Covered Property, as used in this Coverage Form, means:*
   a. *your property and property for which you are legally responsible consisting of: building materials and supplies, equipment, machinery and fixtures;*
   b. *fences, foundations, excavations, underground pipes, drains, paving, and/or pilings at any construction jobsite covered by this Coverage Form;*

   *which is, or is intended to become a permanent part of the structure(s) at the jobsite(s) described in the Declarations.*

   \*   \*   \*

3. *Covered Causes of Loss*
   *Covered Causes of Loss means risks of direct physical "loss" to Covered Property except those causes of "loss" listed in the Exclusions.*

   \*   \*   \*

C. **LIMITS OF INSURANCE**
   *The most we will pay for "loss" due to covered Causes of Loss is the applicable Limit of Insurance shown in the Declarations. The Limits of Insurance applicable to Additional Coverage and Optional Coverages are in addition to the Limits of Insurance, unless stated otherwise.*

D. **DEDUCTIBLE**
   *We will pay this amount of the adjusted "loss" in excess of the Deductible amount shown in the Declarations, up to the applicable Limit of Insurance.*

E. **ADDITIONAL CONDITIONS**
   *The following conditions apply in addition to the Commercial Inland Marine Condition and Common Policy Conditions.*

   1. *Coinsurance*
      *Covered Property, (except property at temporary storage locations or in transit), must be insured for its total "completed value" at the time of loss or you will incur a penalty. The penalty is that we will pay only for the proportion of any "loss" that the applicable Limit of Insurance shown in the Declarations bears to the total "completed value" of Covered Property.*

   2. *Valuation*
      a. *Building or Structure*
         *We will adjust a "loss" to buildings or structures on the basis*

> *of replacement cost, at the time of loss, including the contractor's reasonable overhead and profit.*
>
> *   *   *
>
> *Property will be valued at the time the "loss" occurs.*
> *The most we will pay is:*
> *(1)   the amount necessary to repair the Covered Property; or*
> *(2)   the amount necessary to replace the Covered Property with materials of the same kind or quality; or*
> *(3)   the applicable Limit of Insurance;*
> *whichever is less.*
>
> *   *   *
>
> **G.   DEFINITIONS**
> *"Completed Value" means the total value of all Covered Property (including buildings, fences, foundations, underground pipes, drains, paving and pilings that are a permanent part of the covered job) when the job will have been finished at the end of the construction period. The "Completed Value" includes labor, cost of materials and the contractors reasonable overhead and profit.*
>
> *"Loss" means accidental loss or damage.*

I do not know the parties' current position with respect to the issue of damages, but these issues will necessarily be reflected in the pre-trial order. I understand that the issue of allocation of the loss between wind damage and water damage is a contested issue of fact, and I will withhold a ruling on whether JLL is qualified to express his opinion on this point until I have afforded Great American an opportunity to *voir dire* JLL as to his qualifications for making that determination.

JLL is the principal owner of Lowry, and he has not been "retained or specially employed to provide expert testimony" within the meaning of F.R.Civ.P. 26 (a)(2)(B). Thus, the requirements for the designation of experts who have been retained for litigation purposes does not apply to JLL. JLL has been deposed on three occasions, and I believe that Great American and Groves have had a full and fair opportunity to discover in factual information related to the actual cost of repairs for TVB2 and to discover any opinions JLL may reasonably be anticipated to express. Because JLL has not issued a report, I will confine his testimony to the opinions he expressed in his depositions unless there is good cause shown to allow his expression of any additional opinions.

Unless Lowry can demonstrate the relevance of the pre-repair reconstruction cost estimates, I will not allow the introduction, through JLL (or any other witness), of evidence concerning these estimates. I will permit Lowry to testify to the costs he

incurred in building TVB1 and TVB2 because I understand that these buildings were completed shortly before the storm, and the actual cost of construction for these buildings will be relevant to the issue of damages.  I find that as the general contractor for the construction and repair of TVB2 JLL is qualified under F.R.Evid. 702 to testify concerning the reconstruction and repair costs actually incurred and to express relevant opinions related to these costs.

     I will entertain the arguments of counsel on the issue of damages at the pre-trial conference, and I will enter an appropriate order thereafter.  Great American's motion [196] to disqualify JLL as an expert witness on the issue of damages is **DENIED** without prejudice to Great American's right to examine JLL voir dire to determine his qualifications with respect to identifying wind damage versus water damage.

     **DECIDED** and **SO ORDERED** this 5th day of November, 2007.

                                                  s/ <u>L. T. Senter, Jr.</u>
                                                  L. T. SENTER, JR.
                                                  SENIOR JUDGE