UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GREAT AMERICAN INSURANCE COMPANY OF NEW YORK**          **PLAINTIFF**

**V.**                                          **CIVIL ACTION NO.1:06CV097 LTS-RHW**

**LOWRY DEVELOPMENT, LLC**                                **DEFENDANT**

**CONSOLIDATED WITH**

**LOWRY DEVELOPMENT, LLC**                                **PLAINTIFF**

**V.**                                          **CIVIL ACTION NO. 1:06CV412 LTS-RHW**

**GREAT AMERICAN INSURANCE COMPANY
OF NEW YORK; GROVES & ASSOCIATES INSURANCE, INC.;
and CRUMP INSURANCE SERVICES OF MEMPHIS, INC.**          **DEFENDANTS**

## ORDER

The Court has before it the motion [294] of Groves & Associates Insurance, Inc., (Groves) to reconsider the ruling *in limine* allowing introduction of evidence concerning the inclusion in the Great American Insurance Company's (Great American) policy of a provision that would have entirely excluded coverage for losses that occur in counties adjacent to the Gulf of Mexico. Great American has admitted that the inclusion of this provision was a unilateral error on its part, and Great American has not undertaken any effort to enforce this provision of the contract. Given this admission and waiver, and given my ruling granting Lowry Development, LLC's motion for partial summary judgment, this policy provision is not relevant to any issue in dispute between Lowry and Great American. Nor do I believe this policy provision is relevant to the issue of whether there was a unilateral or a mutual mistake of fact in the formation of the Great American insurance contract.

At the time of my original ruling, I determined that the inclusion of this provision might be relevant to the issue of whether Groves was negligent in his procurement of this policy. Since the time I made my original *in limine* ruling, during the hearing on Great American's motion for sanctions for the spoliation of evidence, Groves has candidly acknowledged that should Great American prevail on its defense of mutual mistake Groves would be liable to Lowry for any damages caused by Groves's failure to procure wind damage coverage. Danny Groves has testified unequivocally that Lowry instructed him to obtain wind damage coverage, and he has acknowledged that if he failed to obtain that coverage his insurance agency is liable to Lowry for that omission.

     In light of this admission by Groves, the provision in question loses any relevance it formerly had as evidence of Groves's negligence. Although the provision in question is undeniably admissible as part of the Great American policy, I think any argument concerning this provision is more likely to confuse or mislead the jury than to shed light on any genuine issue now in dispute. Accordingly, unless a party can demonstrate the relevance of this provision to an issue in dispute, I will not permit argument or discussion of this provision during the course of the trial.

     Accordingly, the motion [294] of Groves & Associates Insurance, Inc., is granted to the extent set out above.

     **SO ORDERED** this 30th day of November, 2007.

                                               s/ L. T. Senter, Jr.
                                               L. T. SENTER, JR.
                                             SENIOR JUDGE