UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GREAT AMERICAN INSURANCE COMPANY OF NEW YORK**                **PLAINTIFF**

**V.**                                               **CIVIL ACTION NO.1:06CV097 LTS-RHW**

**LOWRY DEVELOPMENT, LLC**                                            **DEFENDANT**

**CONSOLIDATED WITH**

**LOWRY DEVELOPMENT, LLC**                                             **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO. 1:06CV412 LTS-RHW**

**GREAT AMERICAN INSURANCE COMPANY
OF NEW YORK; GROVES & ASSOCIATES INSURANCE, INC.;
and CRUMP INSURANCE SERVICES OF MEMPHIS, INC.**         **DEFENDANTS**

## ORDER

The Court has before it the motion [206] of Lowry Development, LLC, (Lowry) to prohibit the testimony of Alicia Woodstock (Woodstock), a witness Great American Insurance Company (Great American) proposes to call to testify concerning Great American's underwriting practices. Lowry asks leave to take the deposition of Woodstock before trial if her testimony is not excluded.

I have reviewed the discovery in this case, and I find that Great American properly and timely identified Woodstock as a potential witness concerning underwriting issues. Lowry had the opportunity to take the deposition testimony of Woodstock during the regular period of discovery and chose not to. I see no reason Great American should not be permitted to call Woodstock as a witness, and I see no substantial justification to allow Lowry to take her deposition after the period of discovery has closed.

The Court also has before it the motions [241] [244] of Great American to bifurcate the liability and damage phases of the trial of this action. Great American seeks a pre-trial scheduling order to facilitate the bifurcation it proposes. I find that the procedure proposed by Great American is not necessary for a fair trial of the issues in this case. This decision renders Great American's request for a pre-trial scheduling order moot. Both motions will be denied.

The Court also has before it the motions [285] [288] of Lowry *in limine* to exclude evidence concerning the issue of co-insurance. Lowry asserts that Great American should be prohibited from introducing such evidence on two grounds: 1) that Great

American failed to raise the issue of co-insurance as an affirmative defense, and 2) that Great American conducted its own evaluation of the insured property before it issued the policy and thereby accepted the value of the property as equal to the face amount of the policy. I find that the matter of co-insurance is a part of the Great American policy and not a matter in avoidance of liability that must be raised as an affirmative defense. Whether Great American accepted the value of the insured property to be equal to the face amount of the policy is a contested issue of fact, and it will be necessary to hear the evidence on this disputed point. Lowry's motions will therefore be denied.

Finally, the Court has before it the motion [290] of Great American seeking leave to file a motion for partial summary judgment on the issue of punitive damages based on its post-Katrina conduct. Great American asserts that in the absence of a motion for partial summary judgment on this issue the Court does not have authority to dismiss the charges of misconduct without conducting a hearing at the end of the liability phase of this trial. I will deny this motion. I believe that Great American can protect its record on this issue without filing a formal motion for partial summary judgment.

Accordingly, it is

**ORDERED**

That the motion [206] *in limine* of Lowry Development, LLC, to exclude the testimony of Alicia Woodstock is hereby **DENIED**; and that the alternative relief sought by Lowry Development, LLC, i.e. leave to take the deposition of Alicia Woodstock, is also **DENIED**;

That the motions [241] [244] of Great American Insurance Company to bifurcate the liability and damage phases of this trial and for a pre-trial scheduling order are **DENIED**;

That the motions *in limine* [285] [288] of Lowry Development, LLC, concerning evidence related to the matter of co-insurance are **DENIED**; and

That the motion [290] of Great American Insurance Company for leave to file a motion for partial summary judgment on the issue of punitive damages for its post-Katrina conduct is **DENIED**.

**SO ORDERED** this 3rd day of December, 2007.

                                         s/ L. T. Senter,Jr.
                                         L. T. SENTER, JR.
                                         SENIOR JUDGE