UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GREEN AMERICAN INSURANCE COMPANY OF NEW YORK**                **PLAINTIFF**

**GREAT AMERICAN INSURANCE COMPANY OF NEW YORK**                **PLAINTIFF**

**V.**                                                **CIVIL ACTION NO.1:06CV097 LTS-RHW**

**LOWRY DEVELOPMENT, LLC**                                       **DEFENDANT**

**CONSOLIDATED WITH**

**LOWRY DEVELOPMENT, LLC**                                       **PLAINTIFF**

**V.**                                               **CIVIL ACTION NO. 1:06CV412 LTS-RHW**

**GREAT AMERICAN INSURANCE COMPANY
OF NEW YORK; GROVES & ASSOCIATES INSURANCE, INC.
and CRUMP INSURANCE SERVICES OF MEMPHIS, INC.**           **DEFENDANTS**

## MEMORANDUM OPINION

The Court has before it the post-trial motion [337] of Great American Insurance Company (Great American) for judgment as a matter of law or, in the alternative, for a new trial. For the reasons set out below, this motion will be denied.

Great American asserts six grounds for the relief it is seeking:

1. That the addition of the wind damage exclusion to the Lowry Development LLC (Lowry) policy during the policy term was in compliance with the requirements of Miss. Code Ann. §85-5-28;

2. That there was insufficient evidence to support the jury's verdict;

3. That the failure to instruct the jury concerning the presumption that a fax or letter sent was received deprived Great American of a fair trial;

4. That the failure to instruct the jury concerning the requirement of a "Meeting of the Minds" deprived Great American of a fair trial;

5. That the use of the terms "Unilateral Mistake" and "Mutual Mistake" in the jury instructions and the special interrogatory deprived Great American of a fair trial; and

6. That the admission of evidence of Great American's negligence in assembling the

Lowry policy deprived Great American of a fair trial.

I have addressed the issue of delivery of the wind exclusion endorsement and delivery of the renewal policy (Issue Number One) in ruling on the parties' motions and cross-motions for summary judgment. It was my opinion then, and it is my opinion now, that Great American failed to comply with the requirement of the statute that the wind damage exclusion endorsement, which had the effect of reducing the coverage provided under the original policy Great American issued, be delivered to the insured.

I am of the opinion that (Issue Number Two) the evidence presented at trial was sufficient to support the verdict the jury rendered.

I am of the opinion that (Issue Number Three) the failure to instruct the jury concerning the presumption that a fax or a letter sent was received did not deprive Great American of a fair trial. I do not recall any evidence that the faxes and the correspondence introduced into evidence were not received by their addressees.

The question whether there was a meeting of the minds (Issue Number Four) was also addressed in my opinion on the parties' motion and cross-motion for summary judgment. In my opinion there was sufficient meeting of the minds for the formation of this insurance contract. There was an error in the confection of the contract, but that error occurred after the contract was formed through the negotiations of the agents for the parties. There was insufficient evidence to support the submission of this issue to the jury.

I do not believe that (Issue Number Five) the use of the terms "Unilateral Mistake" and "Mutual Mistake" deprived Great American of a fair trial. The question whether the omission of the wind damage exclusion conformed to *both* parties' expectations and was, for that reason, a mutual mistake was a question for the jury in light of the directly conflicting testimony on this point.

I do not believe that (Issue Number Six) the admission of evidence that Great American was negligent in assembling the Lowry policy deprived Great American of a fair trial. All of the evidence adduced at trial indicated that Great American alone was responsible for assembling the policy; that Great American intended that the wind damage exclusion be made part of the policy; and that Great American inadvertently omitted the wind damage exclusion from the policy.

The motion [337] of Great American Insurance Company for judgment as a matter of law or, in the alternative, for a new trial will be denied. An appropriate order will be entered.

**DECIDED** this 11th day of March, 2008.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE