UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GREET AMERICAN INSURANCE COMPANY OF NEW YORK        PLAINTIFF**

**V.                                              CIVIL ACTION NO.1:06CV97 LTS-RHW**

**LOWRY DEVELOPMENT, LLC                                              DEFENDANT**

**CONSOLIDATED WITH**

**LOWRY DEVELOPMENT, LLC                                              PLAINTIFF**

**V.                                              CIVIL ACTION NO. 1:06CV412 LTS-RHW**

**GREAT AMERICAN INSURANCE COMPANY
OF NEW YORK; GROVES & ASSOCIATES INSURANCE, INC.
and CRUMP INSURANCE SERVICES OF MEMPHIS, INC.        DEFENDANTS**

### MEMORANDUM OPINION AND ORDER ON MOTION [377] TO CLARIFY AND PROCEED AGAINST GROVES & ASSOCIATES INSURANCE, INC., AND ON MOTION [366] OF GROVES & ASSOCIATES INSURANCE, INC., TO STRIKE MEMORANDUM BRIEF

The Court has before it the motion [377] of Lowry Development, LLC, (Lowry) to clarify and proceed against Groves and Associates Insurance, Inc. (Groves). For the reasons set out below, I will treat this as a motion, under F.R.Civ.P. 60, for relief from the Judgment of Dismissal with Prejudice [335] entered in favor of Groves on January 2, 2008, and I will grant the motion.

The lead case (1:06CV97LTS-RHW) in this previously-consolidated pair of proceedings was a declaratory judgment action brought by Great American Insurance Company (Great American) against Lowry. The consolidated case (1:06CV412 LTS-RHW) is a state court action removed to this court by Great American on grounds of diversity of citizenship. Great American's declaratory judgment action sought a ruling that Great American was not liable, under a builders' risk policy sold to Lowry, for wind damage sustained by the insured property (a condominium complex Lowry was building) during Hurricane Katrina. The lead case has been finally resolved in favor of Great American, and Great American is no longer a party to the remaining case (1:06CV412 LTS-RHW).

The merits of the claim Lowry made against Great American and the merits of Great American's claim for a declaratory judgment were tried to a jury to determine whether the Great American builders' risk policy granted wind damage coverage.

Witnesses who appeared on behalf of both Lowry and Groves testified that Lowry had asked Groves, his insurance agent, to procure a builders' risk insurance policy that included wind damage coverage, and Groves admitted this was true. Great American insisted that its policy did not cover wind damage, and on this question issues were joined at trial.

The jury found in favor of Lowry against Great American, i.e. the jury found that the Great American policy should not be reformed based on a mutual mistake. On appeal, the Fifth Circuit found, as a matter of law, that the Great American policy did not include wind damage coverage. The case was remanded for further proceedings, and thus we are left with Lowry's claim against Groves for Groves's failure to procure the wind damage coverage Lowry instructed Groves to buy on his behalf.

Lowry's complaint alleged alternative theories of liability against Great American, Groves, and Crump Insurance Service of Memphis, Inc. (Crump). Crump was later dismissed as a defendant, and the case proceeded against Great American and Groves. Great American was sued under its policy, and the action against Groves proceeded under a theory of liability for Groves's failure to procure the wind coverage Lowry had requested.

At trial, Lowry pursued its claim against Great American under the theory that the Great American policy provided wind coverage. Groves testified that he requested wind coverage be included in the Great American policy, and Lowry testified that this was indeed what he asked Groves to do. Having pled alternative theories of liability against the two defendants, Lowry did not seek to present evidence to support both his alternative theories of liability to the jury. As I recall, at the time of trial, there was no objection by any of the three parties to Lowry's proceeding on his case against Great American under the insurance policy and leaving aside his case against Groves pending the resolution of Lowry's claim against Great American. Indeed, the parties made known to the Court that in the event the jury found in favor of Great American, Groves would be liable for Lowry's damages because Groves would then admittedly be liable for having failed to secure the wind damage coverage Lowry had requested.

At the end of the trial, after the jury had rendered its verdict against Great American on the issue of liability, Lowry agreed, in light of the jury's verdict against Great American, to dismiss his claim against Groves with prejudice, and this was accomplished [335]. Having lost the appeal of the verdict against Great American, Lowry now seeks to pursue his original claim against Groves, i.e. the theory that Groves is liable for having failed to procure the wind coverage Lowry instructed Groves to obtain. Groves objects to Lowry's proceeding on this theory of recovery on the grounds that Lowry's agreement to dismiss Groves with prejudice precludes his now going forward on his claim against Groves. Groves contends that it has been vindicated by the implicit finding of the jury that he had requested wind coverage from Great American and by the order of dismissal with prejudice entered at the end of the trial [335].

Groves argues, a bit disingenuously it seems to me, that Lowry's failure to appeal the order dismissing Groves with prejudice precludes further action by Lowry against Groves. The order of dismissal was entered with Lowry's consent, and given its consent, Lowry could hardly be expected to appeal Groves's dismissal.

Groves also argues that the issue of its liability to Lowry is now a matter of *res judicata*. My review of the conference I conducted before the trial indicates that Groves recognized, at that time, that should the jury find in favor of Great American on the merits of Great American's claim of mutual mistake, liability would then attach to Groves based on the position Groves had previously taken, i.e. based on Groves's admissions that Lowry requested that Groves obtain wind coverage and Groves's failure to procure that coverage. Whether the jury found in favor of Lowry against Great American or found in favor of Great American against Lowry, the parties indicated to the Court that the next step in the proceedings would be a trial on the issue of damages.

While I am mindful of the principles of collateral estoppel and *res judicata*, I do not believe the order of dismissal with prejudice bars Lowry's pursuit of his claim against Groves. The order was entered by consent, based upon the decision by the jury finding Great American to be liable to Lowry under its builders' risk policy. Since the finding of liability against Great American was reversed on a matter of law, i.e. on a finding by the appellate court that the Great American policy did not provide wind coverage as a matter of law, it would be unjust, in my view, to enforce Lowry's agreement to the order of dismissal now that its factual underpinning (the jury's finding of liability under the Great American policy) no longer exists.

Reinstatement of a case previously dismissed without prejudice is not uncommon. But I have found almost no cases discussing the reinstatement of a case where the dismissal is *with* prejudice. I find guidance, however, in F.R.Civ.P. 60 (b) (5) and (b) (6):

> **Rule 60. Relief from a Judgment or Order**
>
> \*   \*   \*
>
> *(b) Grounds for relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:*
>
> \*   \*   \*
>
> *(5) the judgment has been satisfied, released or discharged: it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or*

*(6) any other reason that justifies relief.*

The order of dismissal with prejudice in favor of Groves in this case was based on the finding that Great American was liable for the wind damage to the insured property under the terms of its builders' risk policy. This finding has been reversed, and the judgment in favor of Lowry against Great American has now been vacated. In these circumstances, I find that just cause exists for the reinstatement of Lowry's claim against Groves.

Accordingly, it is hereby

**ORDERED**

That the motion of Groves & Associates Insurance Services, Inc., [366] to strike the memorandum brief of Lowry Development, LLC, is hereby **DENIED**; and

That the motion of Lowry Development, LLC , [377] to clarify and proceed against Groves & Associates Insurance, Inc.,  will be treated as a motion under F.R.Civ.P. 60 (b) (5) and (b) (6),  for relief from the order [335] of dismissal with prejudice entered on January 2, 2008, and, that motion is **GRANTED**; and

That the order [335] of dismissal with prejudice entered on January 2, 2008, is **VACATED**;

That the claim of Lowry Development, LLC, against Groves & Associates Insurance, Inc., is hereby **REINSTATED** for further proceedings on the merits; and

That the parties shall confer and, within thirty days of the date of this order, report to the Court whether additional discovery must be done to prepare this case for trial, and, if so, what time period is necessary to complete discovery, designate expert witnesses, and complete trial preparations.

**SO ORDERED** this 12th day of October, 2010.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE
