IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE | § | |
| COMPANY OF NEW YORK | § | PLAINTIFF |
| | § | |
| v. | § | Civil Action No. 1:06cv97-LG-RHW |
| | § | |
| LOWRY DEVELOPMENT, LLC | § | DEFENDANT |

CONSOLIDATED WITH

| | | |
|---|---|---|
| LOWRY DEVELOPMENT, LLC | § | PLAINTIFF |
| | § | |
| v. | § | Civil Action No. 1:06cv412-LG-RHW |
| | § | |
| GREAT AMERICAN INSURANCE | § | |
| COMPANY OF NEW YORK and | § | |
| GROVES & ASSOCIATES | § | |
| INSURANCE, INC. | § | DEFENDANTS |

MEMORANDUM OPINION AND ORDER DENYING
GROVES' MOTION TO RECONSIDER, ALTER,
OR AMEND MEMORANDUM OPINION AND ORDER [385]

**BEFORE THE COURT** is the Motion [387] to Reconsider, Alter, or Amend

Memorandum Opinion and Order [385] that was filed by Groves & Associates

Insurance, Inc. Upon reviewing the submissions of the parties and the applicable law,

the Court finds that the Motion should be denied.

FACTS AND PROCEDURAL HISTORY

Lowry purchased two builder's risk policies from Great American Insurance

Company for the construction of a two-condominium project in Gulfport, Mississippi.

It obtained both policies through Lowry's insurance agent, Groves. The first policy

insured Tuscan Villas Building 1, and it contained a wind exclusion. Coverage for

damage caused by wind was obtained separately through the Mississippi Windstorm

Underwriting Association ("the Mississippi Wind Pool"). The second policy insured Tuscan Villas Building 2, and it originally provided coverage for wind damage, despite the fact that the quote and binder both provided that wind damage would be excluded. Great American claimed that the failure to include a wind exclusion was a clerical mistake. It later sent a wind exclusion endorsement to Groves that stated that there was no change in premium but the wind exclusion was added pursuant to the quote. No coverage was obtained from the Mississippi Wind Pool for Tuscan Villas Building 2. Multiple coverage extensions were obtained for the Great American policy, because construction of Tuscan Villas Building 2 was not completed each time that the policy was scheduled to expire. Hurricane Katrina struck the Mississippi Gulf Coast before construction was completed, and Tuscan Villas Building 2 suffered wind damage.

Lowry filed a claim under the policy, and Great American filed this lawsuit, seeking a declaratory judgment that the policy did not cover wind damage. Lowry also filed a lawsuit in state court against Great American, Groves, and Crump Insurance Services of Memphis, Inc. Lowry asserted that it was entitled to coverage for wind damage under the policy, or in the alternative, it argued that Groves and Crump had negligently failed to procure coverage for wind damage. Lowry's lawsuit was removed to this Court, and the two cases were consolidated. Both of the cases were assigned to Senior District Judge L.T. Senter, Jr.

Great American and Lowry both filed motions for summary judgment. Lowry argued that the wind exclusion endorsement was ineffective, because the policy was changed without consideration or proper notice. Great American argued that the wind

exclusion endorsement precluded coverage, and in the alternative, that the wind exclusion was initially included in the policy due to a mutual mistake such that the policy should be reformed to represent the true intentions of the parties. Lowry agreed to dismiss its claims against Crump before the Motions for Summary Judgment were decided.

When ruling on the Motions for Summary Judgment, Judge Senter agreed with Lowry and held that the wind exclusion endorsement was ineffective. The remaining issue of mutual mistake was presented to a jury. Groves and Great American were the primary participants in the trial, with Groves arguing there was no mutual mistake and Great American arguing that there was in fact a mutual mistake.

At an evidentiary hearing prior to trial, counsel for Groves had made the following representation to the Court concerning the manner in which the trial would proceed:

> Because my client [Groves] has admitted from day one that he believed he had wind coverage, that he wanted wind coverage, he believes he got him [Lowry] wind coverage, and if he thought he hadn't got him wind coverage, he would have gotten it elsewhere, and that he was supposed to get it. So if it is determined that he [Lowry] doesn't have it [wind coverage], we are going to have to say it was because of us [Groves].

[Doc. 380-2 at 127]. At the same hearing, counsel for Lowry stated: "The issue in that phase one [of the trial] would be either we do have coverage and they didn't properly reform it, or we don't and we should have had. And if we should have had, that would fall on Mr. Groves." (*Id.* at 127-28). Counsel for Lowry later stated, "The truth of the matter is, I am not in the first phase . . . . [I]t doesn't matter to me whether the jury

decides that I had coverage and now we talk damages, or I should have had coverage and now we talk damages . . . ." (*Id.* at 130).

After a six day trial, the jury provided the following answer to a special interrogatory:

> QUESTION: Has Great American proven by a preponderance of the evidence that both parties, acting through their agents, understood that wind damage coverage would be excluded from Great American's original policy on Tuscan Villas Building Two?
>
> Yes _____Or      No ___X___

After the jury returned its verdict, Great American and Lowry stipulated that Lowry's damages were $1,525,000.00, but Great American reserved the right to file an appeal.  As a result, Judge Senter entered a Judgment on January 2, 2008, that ordered and adjudged that Lowry was entitled to recover $1,525,000.00 from Great American.  Judge Senter further ordered that Lowry's claim against Groves was dismissed with prejudice.  Groves was dismissed, because Judge Senter had held that there was wind coverage under the policy and the jury had held that there was no mutual mistake in the policy.  Since these two determinations meant that Lowry had wind coverage, this inevitably meant that Lowry had no claim against Groves for failing to procure wind coverage.

Lowry did not appeal the dismissal of its claims against Groves.  However, Great American appealed the Judgment against it, and the Fifth Circuit reversed and remanded the case.  The Fifth Circuit found that it was unnecessary to address the mutual mistake issue, because it found that the Great American policy did not provide

-4-

coverage for wind damage. *Great Am. Ins. Co. v. Lowry Dev., LLC*, 576 F.3d 251, 254 (5th Cir. 2009). Thus, it overturned the decision granting summary judgment in favor of Lowry as to the issue of whether wind damage was ever properly excluded from coverage. *See Lowry*, 576 F.3d at 254. In its opinion, the Fifth Circuit noted that the "professional negligence claim against Groves was never resolved." *Id.*

After the case was remanded to this Court, Lowry filed a motion seeking clarification as to whether it could proceed with its claims against Groves, due to the fact that the dismissal of Groves was based on the finding of coverage under the Great American policy. Lowry argued that it should be able to pursue its claim against Groves, since the Fifth Circuit has now held that Lowry was not entitled to wind coverage. Judge Senter granted Lowry's motion, which he construed as a Rule 60(b)(5) and (6) motion, and he provided Lowry relief from the judgment dismissing Lowry's claims against Groves. Groves has now filed the present Motion [387] to Reconsider, Alter, or Amend the Memorandum Opinion and Order [385] that permitted Lowry to pursue its claims against Groves. After the parties finished briefing the Motion to Reconsider, the case was reassigned to the undersigned.

## DISCUSSION

Pursuant to Fed. R. Civ. P. 59(e), a motion for reconsideration may only be granted if (1) there is a need to correct a manifest error in law or fact; (2) the movant uncovered new evidence that was reasonably unknown prior to entry of the judgment or order in question; or (3) an intervening change in controlling law occurred. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) Motion

should not be used to relitigate matters that should have been argued earlier, or that simply were not resolved to the movant's satisfaction. *Mongrue v. Monsanto Co.*, 249 F.3d 422, 427 (5th Cir. 2001); *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). "These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory." *Ross v. Mitchell*, 426 F.3d 745, 763 (5th Cir. 2005).

Judge Senter determined that Lowry is entitled to relief from the judgment of dismissal in favor of Groves pursuant to Fed. R. Civ. P. 60(b). The Fifth Circuit has explained:

> The purpose of Rule 60(b) is to delineate the circumstances under which relief may be obtained from the operation of final judgments . . . . By its very nature, the rule seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the "incessant command of the court's conscience that justice be done in light of all the facts."

*Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981) (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir.), *cert. denied*, 399 U.S. 927 (1970)). Thus, Rule 60(b) should be "liberally construed in order to do substantial justice." *Seven Elves*, 635 F.2d at 401. This means that "although the desideratum of finality is an important goal, the justice-function of the courts demands that it must yield, in appropriate circumstances, to the equities of the particular case in order that the judgment might reflect the true merits of the cause." *Id.* Nevertheless, "final judgments should not be lightly reopened," and a Rule 60(b) motion should not be used as a substitute for appeal. *Id.* at 401, 402.

A district court can consider whether a party is entitled to Rule 60(b) relief upon a party's motion or *sua sponte*. *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 190 (5th Cir. 2008). Rule 60(b)(5) allows a court to relieve a party from a final judgment when "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). "[A] decision is 'based on' a prior judgment when it is 'a necessary element of the decision, giving rise, for example, to the cause of action or a successful defense.'" *Flowers v. S. Reg'l Physician Servs.*, 286 F.3d 798, 801 (5th Cir. 2002) (quoting *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir. 1990)). Rule 60(b)(6) permits a court to relieve a party from a final judgment for any other reason that justifies relief. The Fifth Circuit has described Rule 60(b)(6) as "a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses, [but] we have also narrowly circumscribed its availability, holding that Rule 60(b)(6) relief will be granted only if extraordinary circumstances are present." *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995). Rule 60(c)(1) requires that Rule 60(b)(5) and 60(b)(6) motions be made in a reasonable time. Fed. R. Civ. P. 60(c)(1). The determination as to "[w]hat constitutes a reasonable time under Rule 60(b) depends on the particular facts of the case in question." *McCorvey v. Hill*, 385 F.3d 846, 849 n.4 (5th Cir. 2004).

In support of its Motion to Reconsider, Groves argues that "[w]hile the question presented to the jury dealt with whether there was a mutual mistake between Great American and Lowry and/or Groves, the resolution of that issue, by necessity, also

-7-

determined whether Groves had in fact procured coverage for the peril of wind." (Groves Mem. [388] at 3). Groves asserts that the jury found that Groves had procured wind coverage for Lowry, and that the Fifth Circuit has not overturned the jury's verdict but only overturned the prior partial summary judgment granted in favor of Lowry. Groves also argues that Lowry's Motion should not have been reclassified as a Rule 60(b) Motion by the Court, that the Motion was untimely, that the Motion was an improper substitute for the filing of an appeal, and that the Court's Order overturning the prior judgment "does great violence to the principles favoring finality of judgments, due process, res judicata, and/or collateral estoppel." (*Id.* at 18).

First, it was permissible for the Court to construe Lowry's Motion to Clarify as a Rule 60 Motion, since a Court can grant Rule 60 relief *sua sponte*, and Groves has now had the opportunity to fully brief the issue of whether Rule 60 relief was properly granted. In addition, Lowry's Motion was not untimely. The judgment was overturned by the Fifth Circuit on July 17, 2009. Lowry filed a pleading [364] in which it sought to reinstate its claims against Groves on August 31, 2009, before the original judgment was even vacated. Lowry also filed a Motion for Leave to File a Motion for Summary Judgment against Groves on January 29, 2010. Following a status conference, Lowry's Motion for Leave to File a Motion for Summary Judgment was mooted, and he was instructed to file a Motion to Clarify by the Court. As a result, Lowry filed his request to proceed against Groves within a reasonable time, and it diligently pursued its request.

Contrary to Groves' assertions, Lowry's present Motion is not a substitute for an

appeal, since Lowry is not attacking the legal reasoning underlying the original judgment in favor of Groves.  Furthermore, the jury verdict was not the sole basis for the judgment in favor of Groves.  At the trial, the jury merely found that Great American had not proved by a preponderance of the evidence that "both parties, acting through their agents, understood that wind damage coverage would be excluded from Great American's original policy on Tuscan Villas Building Two." (Doc. 329).  Groves argues that, in making that decision, the jury held that Groves procured wind coverage for Lowry.  However, the Fifth Circuit has now held that wind coverage was *not* procured.  Furthermore, the jury's determination that Groves and/or Lowry did not understand that wind coverage would be excluded does not necessarily mean, in and of itself, that coverage was in fact procured or that Groves did not commit negligence. The judgment in favor of Groves was based not only on the jury's verdict but also on the partial summary judgment in favor of Lowry.  That partial summary judgment has been overturned, and the jury's verdict has been mooted by the Fifth Circuit's determination that no wind coverage was provided by the policy.

Groves' argument that it has been denied due process is also without merit, since it will be permitted to present its case and defenses to a jury.  As explained *supra*, the particular issue of whether Groves was negligent has not been previously submitted to a jury.   Finally, it should be noted that the Fifth Circuit did not reverse and render this case, but reversed and remanded the case for further proceedings, and it clearly viewed Lowry's claims against Groves as unresolved.  For all of these reasons, the Court finds that Groves' Motion to Reconsider should be denied.

-9-

The Court also finds that Groves' alternative request for permission to file an interlocutory appeal should be denied.  Pursuant to 28 U.S.C. § 1292(b), a district court may certify an order not otherwise appealable where such order (1) involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation.  An immediate appeal would not materially advance the termination of this litigation.  This case was filed in February of 2006 and has recently returned from the Fifth Circuit.  An interlocutory appeal at this stage of the proceedings would only cause additional delay in the resolution of this lawsuit.

**IT THEREFORE ORDERED AND ADJUDGED** that the Motion [387] to Reconsider, Alter, or Amend Memorandum Opinion and Order [385] that was filed by Groves & Associates Insurance, Inc., is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the stay entered in this matter on May 13, 2011, is lifted.

**SO ORDERED AND ADJUDGED** this the 9th day of June, 2011.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

-10-